UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| ORITANI FINANCIAL CORP., NICHOLAS ANTONACCIO, JAMES J. DOYLE JR., ROBERT S. HEKEMIAN JR., KEVIN J. LYNCH, JOHN J. SKELLY, JR., JOHN M. FIELDS JR., HARVEY R. HIRSCHFELD, JUDITH SCHUMACHER-TILTON, and VALLEY NATIONAL BANCORP, | ) ) CLASS ACTION ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on June 26, 2019 (the "Proposed Transaction"), pursuant to which Oritani Financial Corp. ("Oritani" or the "Company") will be acquired by Valley National Bancorp ("Valley").

2. On June 25, 2019, Oritani's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Valley. Pursuant to the terms of the Merger Agreement, Oritani's stockholders will receive 1.60 shares of Valley common stock for each share of Oritani common stock they own.

3. On August 30, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Oritani common stock.

9. Defendant Oritani is a Delaware corporation and maintains its principal executive offices at 370 Pascack Road, Township of Washington, New Jersey 07676. Oritani's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "ORIT."

10. Defendant Nicholas Antonaccio is Lead Director of the Company.

11. Defendant James J. Doyle Jr. is a director of the Company.

12. Defendant Robert S. Hekemian Jr. is a director of the Company.

13. Defendant Kevin J. Lynch is President, Chief Executive Officer, and Chairman of the Board of the Company.

14. Defendant John J. Skelly Jr. is a director of the Company.

15. Defendant John M. Fields Jr. is Executive Vice President, Chief Financial Officer, and a director of the Company.

16. Defendant Harvey R. Hirschfeld is a director of the Company.

17. Defendant Judith Schumacher-Tilton is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Valley is a New Jersey corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Oritani (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of June 25, 2019, there were approximately 45,097,052 shares of Oritani common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. Oritani is the holding company for Oritani Bank, a New Jersey state chartered bank that offers a full range of retail and commercial loan and deposit products.

28. The Company currently operates its main office and twenty-five full-service branches in the New Jersey counties of Bergen, Hudson, Essex, and Passaic.

29. On June 25, 2019, Oritani's Board caused the Company to enter into the Merger Agreement with Valley.

30. Pursuant to the terms of the Merger Agreement, Oritani's stockholders will receive 1.60 shares of Valley common stock for each share of Oritani common stock they own.

31. According to the press release announcing the Proposed Transaction:

In a merger of two banks with a similar focus on the densely populated northern New Jersey markets, Valley National Bancorp ("Valley") (NASDAQ:VLY) announced today that it is doubling its market share in demographically attractive Bergen County and enhancing its presence in Hudson County by acquiring Oritani Financial Corp. ("Oritani") (NASDAQ: ORIT).

The companies have entered into a merger agreement in which the common shareholders of Oritani will receive 1.60 shares of Valley common stock for each Oritani share they own. The transaction is valued at an estimated $740 million, based on Valley's closing stock price on June 25, 2019. . . .

The Boards of Directors of both companies, after extensive review and due diligence, unanimously approved the transaction. The acquisition is expected to close late in the fourth quarter of 2019, subject to standard regulatory approvals, shareholder approvals from Valley and Oritani, as well as other customary conditions. . . .

Transaction Summary

Under the terms of the definitive agreement signed by the companies, each Oritani shareholder will receive 1.60 shares of Valley common stock for each share of Oritani common stock they own. Oritani's normal quarterly cash dividend policy for the period ended June 30, 2019 (typically paid in August) will not be impacted by this transaction. However, any subsequent quarterly dividends declared by Oritani will be limited to the current rate paid by Valley, exchange adjusted to $0.18 per common until the close of the merger. . . .

J.P. Morgan Securities LLC acted as financial advisor to Valley to provide a fairness opinion to Valley National Bancorp's Board of Directors. The law firm of Day Pitney LLP acted as counsel to Valley. Oritani was advised by the investment banking firm of Keefe, Bruyette & Woods, a Stifel Company, and the law firm of Luse Gorman, PC.

*The Registration Statement Omits Material Information*

32. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

34. First, the Registration Statement omits material information regarding the Company's and Valley's financial projections.

35. With respect to the Company's financial projections, the Registration Statement fails to disclose projected cash flows and all underlying line items.

36. With respect to Valley's financial projections, the Registration Statement fails to disclose projected cash flows and all underlying line items.

37. With respect to the combined company's financial projections, the Registration Statement fails to disclose projected cash flows and all underlying line items.

38. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Keefe, Bruyette & Woods ("KBW").

40. With respect to KBW's *Oritani Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

41. With respect to KBW's *Valley Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by KBW in the analysis.

42. With respect to KBW's *Selected Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by KBW in the analysis.

43. With respect to KBW's *Financial Impact Analysis*, the Registration Statement fails to disclose: (i) the pro forma assumptions used by KBW in the analysis; (ii) the extent to which the Proposed Transaction could be dilutive to Valley's estimated 2020 EPS and estimated 2021 EPS; and (iii) the extent to which the Proposed Transaction could be accretive to Valley's estimated tangible book value per share as of December 31, 2019.

44. With respect to KBW's *Oritani Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5%; (ii) the estimated excess cash flows that Oritani could generate over the period from March 31, 2019 through December 31, 2025 as a standalone company; (iii) Oritani's implied terminal value; (iv) KBW's basis for assuming that Oritani would maintain a tangible common equity to tangible asset ratio of 9.00%; and (v) KBW's basis for applying a range of 11.0x to 13.0x estimated 2025 net income.

45. With respect to KBW's *Valley Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%; (ii) the estimated excess cash flows that Valley could generate over the period from March 31, 2019 through December 31, 2025 as a standalone company; (iii) the assumed long-term growth rates for Valley as used by KBW in the analysis; (iv) Valley's implied terminal value; (v) KBW's basis for assuming that Valley would maintain a tangible common equity to tangible asset ratio of 7.25%; and (vi) KBW's basis for applying a range of 11.0x to 13.0x estimated 2025 net income.

46. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. Third, the Registration Statement omits material information regarding potential conflicts of interest of KBW.

48. The Registration Statement fails to disclose the amount of compensation KBW received for the past services it provided to Valley and its affiliates.

49. The Registration Statement also fails to disclose the nature of the "position in shares of Valley common stock held by a senior member of the KBW advisory team providing services to Oritani in connection with the proposed merger."

50. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

51. Fourth, the Registration Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing other potential acquirors from submitting superior offers to acquire the Company.

52. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

53. Fifth, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

54. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

55. Sixth, the Registration Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

56. The Registration Statement fails to disclose the reasons Oritani and "Company A" were "unable to reach an agreement on certain material financial terms."

57. The Registration Statement fails to disclose the reasons Oritani and "Company B" were unable "to reach an agreement on certain material financial terms."

58. The Registration Statement fails to disclose the reasons Oritani and "Company C" were "unable agree on the general financial terms of a potential transaction."

59. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Oritani's Reasons for the Merger; Recommendation of Oritani's Board of Directors; (iii) Opinion of Oritani's Financial Advisor; and (iv) Unaudited Financial Forecasts.

60. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Oritani**

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Oritani is liable as the issuer of these statements.

63. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

64. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

65. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

66. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

67. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

68. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Valley

69. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

70. The Individual Defendants and Valley acted as controlling persons of Oritani within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Oritani and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

71. Each of the Individual Defendants and Valley was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

72. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

73. Valley also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

74.    By virtue of the foregoing, the Individual Defendants and Valley violated Section 20(a) of the 1934 Act.

75.    As set forth above, the Individual Defendants and Valley had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 13, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305

*Attorneys for Plaintiff*